**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael TURNER, Defendant–Appellant.**

**No. 88–7618
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 19, 1989.

James H. McFerrin, Birmingham, Ala., for defendant-appellant.

---

616

Frank W. Donaldson, U.S. Atty., Winfield Sinclair, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

In May 1988, Appellant Michael Turner was indicted by a Grand Jury sitting in the Northern District of Alabama and charged with escape from the custody of the Attorney General, 18 U.S.C.A. § 751, and possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g). At arraignment, Turner was served a copy of the Government's Notice of Intention to Seek Enhanced Penalty, and the notice was filed with the court. A jury found Turner guilty of both counts of the indictment.

In September 1988, the district court sentenced Turner to 28 months' custody on the escape charge (Count One) and 18 years' custody on the firearms charge (Count Two), to run consecutively to each other and consecutively to Turner's thirty-year sentence for two bank robbery convictions. Pursuant to *United States v. Allen*, 685 F.Supp. 827 (N.D.Ala.1988)[1], the district court did not apply the sentencing guidelines to either sentence. This appeal presents the sole issue of whether Appellant Turner's sentences must be remanded for sentencing in conformity with the applicable sentencing guidelines.

We conclude that, following *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), this case must be REMANDED for resentencing, with the resentencing on both counts being pursu-ant to the United States' Sentencing Guidelines.

---

1. On May 18, 1988, all of the district judges of the United States District Court for the Northern District of Alabama, sitting together, held that the sentencing guidelines developed by the Commission are unconstitutional and should not be given *de facto* validity in pending and future sentencing. In reaching this conclusion, we note that one of the four non-judicial members (Commissioner Robinson) dissented from the Commission's vote to submit to Congress the guidelines. In short, if one were tempted to disregard placement of the Commission in the judicial branch and to disregard the votes by its disqualified members, the guidelines would not have been approved by an affirmative vote of at least four of its members, as required by 28 U.S.C.A. § 994(a). *Allen*, 685 F.Supp. at 830 (footnote omitted).